# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PEACOCK, MYERS & ADAMS, P.C.,
a New Mexico Professional corporation,

        Plaintiff,

        vs.                                                       No. CIV 98-0875 JC/RLP

UNITED STATES DEPARTMENT
OF ENERGY, a federal agency, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed November 4, 1998 *(Doc. 6)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendants' motion is well taken and will be granted.

### Background

This case involves the solicitation and award process surrounding a support services contract for the U. S. Department of Energy ("DOE"). The solicitation was for legal services in the DOE's Chicago Office of Intellectual Property Law ("CH IPL"). The legal services were to include patent applications and prosecutions for the CH IPL. Plaintiff is an Albuquerque intellectual property law firm and a disappointed bidder.

The solicitation was issued on August 22, 1997, and the bids were to be submitted by September 22, 1997. Sixteen firms submitted timely bids. On January 13, 1998--following a meeting

of a source selection panel--four firms were awarded the contract. Based on the source selection statement issued by the panel, Plaintiff was the ninth ranked offeror.

On February 11, 1998, the DOE debriefed Plaintiff on why their bid was not selected. Plaintiff filed a protest with the General Accounting Office ("GAO") following the debrief. On March 24, 1998, the GAO dismissed Plaintiff's protest for failing to file the protest within ten days of the DOE debriefing. *See* 4 C.F.R. § 21.2. Plaintiff's Request for Reconsideration with the GAO was rejected on April 3, 1998, and Plaintiff filed this lawsuit on July 22, 1998.

Plaintiff sues for "a declaratory judgment, for injunctive relief, to compel defendant DOE/CH to resolicit [the contract], to compel Defendant DOE/CH to refrain from using unfair geographic location proximity restrictions as a basis for evaluating bids for patent preparation and prosecution services and to compel Defendant DOE/CH to reimburse Plaintiff for proposal preparation expenses and other expenses related to this matter." Complaint at 3. At the heart of Plaintiff's Complaint is the method used to rank the various bidders. Plaintiff claims the ranking method placed an undue emphasis on the geographic proximity of the various firms to the CH IPL office.

**Analysis**

Defendants make four arguments in their motion. First, Defendants argue that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1491(b)(1) because Plaintiff is not an "interested party." Second, Defendants argue that Plaintiff waived the right to file this lawsuit because Peacock knew of the proximity criterion prior to the bid closing date. Third, Defendants argue that laches bars this suit. Finally, Defendants argue that the Court does not have jurisdiction over the GAO because 28 U.S.C. § 1491 conflicts with the Competition in Contracting Act, 31 U.S.C. §§ 3551-3556.[1]

---

[1] Plaintiff has conceded this argument and stipulates to the dismissal of the GAO.

This Court has jurisdiction over post-award protests under 28 U.S.C. § 1491(b). *See Cincom Systems, Inc. v. United States*, 37 Fed. Cl. 663, 669 (1997). Under § 1491, "[b]oth the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an **interested party** objecting to a solicitation by a Federal agency." 28 U.S.C. § 1491(b)(1) (emphasis added). An "interested party" is an actual or prospective bidder that has a direct economic interest that would be affected by the awarding of the challenged contract. *See Cincom*, 37 Fed. Cl. at 669. (citing *Federal Data Corp. v. United States*, 911 F.2d 699, 703 (Fed. Cir. 1990)); *Delbert Wheeler Constr., Inc. v. United States*, 39 Fed. Cl. 239, 245 (1997), *aff'd*, 155 F.3d 566 (Fed. Cir. 1998).

In this case, Defendants argue that Plaintiff did not have a direct economic interest in the challenged contract because Plaintiff would not have been chosen for the contract even if the proximity factor had not been considered. Defendants submit a table illustrating the ranking of the various bidders without the proximity factor. Defs.' Mem. Supp. at 8. According to Defendants' table, Plaintiff would have been ranked eighth if the proximity factor had not been used in the selection process.

Plaintiff challenges this contention by arguing that geographic proximity was a factor in other aspects of the computations used in Defendants' table. Plaintiff points to the solicitation for this proposition. *See Defs.' Mem.* Ex.7. A review of the solicitation indicates geographic proximity may have been a factor in two other facets of the computation. Plaintiff highlights that 'availability' is listed under two subparts of two other criteria. *Id.* Plaintiff argues Defendants used the 'availability' term as a proxy for geographic proximity. Plaintiff also contends proximity played a part in Technical Evaluation Criterion (b)(3) because it appears to have been based on previous DOE CH patent

preparations. Thus, Plaintiff has not "failed to show independently that it has any chance of receiving an award, even if the arguments in its Complaint are accepted as true." Defs.' Reply at 3. I find it possible (although extremely unlikely) that Plaintiff's score would have been higher than the next bidder if proximity were not a factor in the selection process. Consequently, I find that Plaintiff is an interested party under § 1491.

Having found jurisdiction, I turn to Defendants' second argument. Defendants argue that summary judgment should be granted because Plaintiff failed to challenge the proximity criterion prior to the awarding of the contract. Defendants argue that Plaintiff's participation in the bidding process--with full knowledge of the proximity factor--amounts to a waiver of this challenge. Defendants point to several cases that have found such a waiver. *See Saco Defense Sys. Div. v. Weinberger*, 629 F. Supp. 385, 387 (D. Maine 1986) (citing GAO bidding regulation 4 C.F.R. § 21.2(a)(1)); *Allied Tech. Group, Inc. v. United States*, 39 Fed. Cl. 125, 146 (1997); *Alliant Techsystems, Inc. v. United States*, 837 F. Supp. 730, 736-37 (E.D. Va. 1993).

Plaintiff counters that it was aware of the overall percentage given to the proximity criterion and "assumed . . . that the 'availability' part of the criterion would be the central focus [and] not [the] geographic proximity." Pl.'s Mem. at 13. Plaintiff stresses how unimportant geographic proximity is in today's world and argues that physical proximity has no role in patent prosecution. *Id.* at 14.

Plaintiff goes on to argue that "[c]ommon sense guided [it] to the interpretation that 'proximity' equaled 'availability' and that both were related to cost." *Id.* at 15. In a nutshell, Plaintiff's arguments boil down to the contention that geographic proximity is not an important consideration for this contract.

I find Plaintiff's assumptions to be unreasonable. The proximity criteria was titled "Proximity to the Department of Energy Chicago Operations Office." Complaint Ex. 4 at 124. I find that this means proximity was the main determinant. The mention of 'availability' in the body of the criteria does not lessen that fact. I find that "if [Plaintiff] had wanted to challenge the [proximity criterion--or the use of availability in other subparts--it] should have done it before the close of the bidding." *Saco*, 629 F. Supp. at 387. Plaintiff "made a business decision to proceed with the [bidding] as promulgated; it gambled and lost." *Alliant*, 837 F. Supp. at 837. Consequently, summary judgment will be granted in favor of Defendants.

I further find that even if there had not been a waiver in this case, the use of a proximity criterion--and the consideration of proximity under some of the other subparts--would not be arbitrary and capricious. Consequently, summary judgment will be granted for Defendants.

Wherefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, filed November 4, 1998 (Doc. No. 6) is **granted**. A Final Order shall be entered in accordance with this opinion and Federal Rule of Civil Procedure 58.

DATED this 12th day of February, 1999.

                                                                            _____
                                                                            **CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiff: | Paul Adams and Brian V. Pangrle<br>Peacock, Myers & Adams, P.C.<br>Albuquerque, New Mexico |
| Counsel for Defendants: | Ronald F. Ross, Assistant U. S. Attorney<br>U. S. Attorney's Office<br>Albuquerque, New Mexico |